CLARA D. FLYNN, ET AL

*v.*

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

MILITARY SERVICE—*Section II, of Art. 16, Military and Naval Code.*
Under Section II, of Art. 16, of Military and Naval Code in order to have
a claim against the State, the party must be injured, wounded or killed
while in the performance of his duty in pursuance to orders from the
Commander-in-Chief, but such Act does not expressly provide for a claim
for contracting a disease while a member of the National Guard, from
which afterwards the soldier dies.

Edward J. Brundage, Attorney General, for State.

Mr. Thomas H. Flynn, on or about the first day of August, 1916,
was drum major of the Sixth Illinois Infantry. In response to orders
issued by the Commander-in-Chief of the Illinois National Guard, he
reported at Springfield, Illinois, for the annual encampment of this
regiment. While attending this encampment he contracted a severe
cold owing to the fact that he was compelled to sleep upon the concrete
floor of the hog pavilion in the State Fair Grounds where his regiment
was quartered during the encampment. It was necessary for him, be-
ing drum major, of the regiment, to sleep near the regimental head-
quarters for the purpose of properly attending to his dutiess. He did
so during the period of his stay in Springfield. Regimental headquar-
ters were situated above the main entrance of the hog pavilion. Mr.
Flynn slept right near the main entrance to the building where the
building was open and the rain and wind could beat in. Owing to the
fact that he was not provided with a cot and a suitable number of
blankets, he took cold, which after his return home, rapidly developed
into what the attending physician called "galloping consumption," from
which disease he died on January 31st, 1917. Mr. Flynn enlisted in
Company "A", Sixth Infantry, I. G. N., June 18th, 1886, as a trum-
peter; was appointed chief trumpeter June 18, 1887, which rank he
held until July, 1907. At that time he was appointed drum major,
which appointment he still held at the time of his death. He served
under General Miles in Cuba and Porto Rico during the Spanish-Amer-
ican War.

The deceased left surviving him Clara D. Flynn, his widow, and
Blanche Elizabeth Flynn, his daughter, who are the claimants in this
case.

This action is based upon Section 11 of Article 16 of the Military
and Naval Code of this State, which provides that: In every case

where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed while performing his duty as an officer or enlisted man in pursuance of orders from the Commander-in-Chief, said officer or enlisted man, or his heirs or dependents, shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand. Pending action of the Court of Claims, the Commander-in-Chief is authorized to relieve emergency needs upon recommendation of a Board of three officers, one of whom shall be an officer of the Medical department.

This Act provides that in order to have a claim against the State, the party must be injured, wounded or killed while performing his duty. Said Act does not expressly provide for a claim for contracting disease while a member of the National Guard, and the evidence is not entirely satisfactory in this case that the disease of which Flynn died was contracted in the performance of his duty.

The Court is of the opinion that there is no legal liability on the part of the State in this case, and cannot allow this claim as a matter of legal right.

The claim will therefore be rejected.

However, the Court is of the opinion that there is real merit in this claim outside of the strict rules of law, and as a matter of social justice, this Court recommends to the Legislature an appropriation to claimants of the sum of thirty-five hundred dollars ($3,500.00).